# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### FEBRUARY 2000 SESSION

## STATE OF TENNESSEE v. RONALD JEROME BUTLER

**Appeal as of Right from the Criminal Court for Davidson County**
**No. 96-A-1307     Seth Norman, Judge**

---

**No. M1999-01034-CCA-R3-CD - Filed August 11, 2000**

---

Ronald Jerome Butler was convicted by a jury in the Davidson County Criminal Court of one count of aggravated kidnapping and one count of aggravated robbery, both class B felonies. For the offense of aggravated kidnapping, the trial court sentenced the appellant as a Range I offender to ten years incarceration in the Tennessee Department of Correction, requiring him to serve one hundred percent of his sentence in confinement. For the offense of aggravated robbery, the trial court sentenced the appellant to ten years incarceration in the Tennessee Department of Correction, requiring him to serve thirty percent of his sentence in confinement. The trial court further ordered that the sentences be served consecutively. On appeal, the appellant raises the following issues for review: (1) whether his conviction of aggravated kidnapping violates principles of due process; and (2) whether the trial court erred in sentencing him. Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Jennifer Lynn Thompson, Nashville, Tennessee, and Calvin Turner, Nashville, Tennessee, for the appellant, Ronald Jerome Butler.

Paul G. Summers, Attorney General and Reporter, Elizabeth T. Ryan, Assistant Attorney General, Nicholas Bailey, Assistant District Attorney General, and Jon Seaborg, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Factual Background

On the night of December 14, 1995, at approximately 9:30 p.m., Julie Nabors stopped for dinner at the Sonic drive-in restaurant on Lebanon Road in Hermitage, Tennessee. The appellant approached the open window of Ms. Nabors' Lexus automobile, put a gun to her head, and ordered her to "scoot over" to the passenger seat. Ms. Nabors pled with the appellant to take her car and her purse but to let her go. The appellant, however, refused to release Ms. Nabors and again ordered her

to move to the passenger seat. When she complied, the appellant put his gun in his jacket pocket and sat in the driver's seat. His accomplice sat in the back seat.

The appellant exited the Sonic and drove the Lexus through the parking lot of a nearby Texaco gas station. At the gas station, a group of young people crowded around the car and cheered the appellant. After a few minutes, the appellant left the gas station and drove down the street. Ms. Nabors was still in the car, pleading to be released. The appellant assured her that she would be released.

While driving down the street, the appellant and his accomplice rummaged through Ms. Nabors' purse and found her automatic teller machine (ATM) card. They asked her how much money she had in the bank. Ms. Nabors told them that she had about two hundred dollars in her account. Accordingly, the appellant drove to the closest branch of Ms. Nabors' bank and ordered her to withdraw the entire two hundred dollars from her account. As Ms. Nabors followed the appellant's orders, the appellant and his accomplice watched her closely. When Ms. Nabors returned to the car, she handed the money to the appellant. The appellant again refused to release Ms. Nabors. Rather, after leaving the ATM, the appellant drove eight miles to a boat dock, where he released Ms. Nabors and fled with his accomplice. The entire incident lasted about thirty or forty minutes.

The appellant was convicted by a jury in the Davidson County Criminal Court of one count of aggravated kidnapping, a class B felony, and one count of aggravated robbery, a class B felony.[1] In determining the appropriate sentences, the trial court found that there were two enhancement factors applicable to the appellant: (1) the appellant has a previous history of criminal convictions or criminal behavior, and (8) the appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. Tenn. Code Ann. § 40-35-114 (1997). The trial court found no mitigating factors. Accordingly, for the offense of aggravated kidnapping, the trial court imposed a Range I sentence of ten years incarceration in the Tennessee Department of Correction and ordered the appellant to serve one hundred percent of his sentence in confinement. For the offense of aggravated robbery, the trial court imposed a sentence of ten years incarceration and ordered the appellant to serve thirty percent of his sentence in confinement. The trial court further required the appellant to serve his sentences consecutively.

## II. Analysis

On appeal, the appellant first contends that the facts supporting his aggravated kidnapping conviction were incidental to the facts supporting his aggravated robbery conviction; therefore, his kidnapping conviction violates due process. The appellant also argues that the trial court erred in sentencing him. Although somewhat unclear from his brief, the appellant is apparently challenging the length of both his sentences. Moreover, he contends that the trial court erred in requiring him to serve his sentences consecutively.

---

[1]Judge Thomas H. Shriver presided over the appellant's trial. Due to Judge Shriver's untimely death, Judge Seth Norman presided over the sentencing hearing.

-2-

A. Aggravated Kidnapping

The appellant argues that his aggravated kidnapping conviction violates his due process rights, because the facts supporting that conviction, i.e., the confinement and detention of Ms. Nabors, are incidental to those facts which support his aggravated robbery conviction. In State v. Anthony, 817 S.W.2d 299, 306 (Tenn. 1991), our supreme court held that the relevant inquiry under these circumstances is whether

> the confinement, movement or detention is essentially incidental to the [robbery] and is not, therefore, sufficient to support a separate conviction for kidnapping, or whether it is significant enough, in and of itself, to warrant independent prosecution and is, therefore, sufficient to support such a conviction.

The court noted that "every robbery, by definition, involves some detention against the will of the victim, if only long enough to take goods or money from the person of the victim." Id. However, because the "aggravated kidnapping statute does not require a particular distance of removal or any particular duration or place of confinement," "any restraint in addition to that which is necessary to consummate . . . robbery may support a separate conviction for kidnapping." State v. Dixon, 957 S.W.2d 532, 535 (Tenn. 1997). In Dixon, our supreme court further refined the Anthony test. The court held that if the Anthony threshold is met, that is, if the confinement was beyond that necessary to commit the robbery, a court must also inquire whether the additional confinement (1) prevented the victim from summoning help; (2) lessened the appellant's risk of detection; or (3) created a significant danger or increased the victim's risk of harm. Dixon, 957 S.W.2d at 535.

In the present case, Ms. Nabors' detention was not essential to the theft of her car.[2] Ms. Nabors begged the appellant to take her car and her purse and release her. The appellant could have easily complied, but he refused to release Ms. Nabors. Furthermore, the appellant only ordered Ms. Nabors to give him money after he and his accomplice discovered her ATM card. In fact, even after obtaining the additional two hundred dollars, the appellant took Ms. Nabors to a boat dock eight miles away before releasing her, rather than leaving her at the ATM upon completion of the robbery. The appellant's restraint of Ms. Nabors was more than that required to commit the robbery. Therefore, the first part of the Anthony-Dixon analysis is met.

We must now determine if the appellant's restriction of Ms. Nabors prevented her from summoning help, lessened the appellant's risk of detection, created a significant danger to Ms. Nabors, or increased her risk of harm. Dixon, 957 S.W.2d at 535. Although only one of the additional elements is needed, the facts of this case support all of the elements. It is clear that detaining Ms. Nabors in the car prevented her from summoning help. She was unable to notify anyone of the theft of her car or her money until the appellant released her. Further, because Ms.

---

[2] See State v. Cunningham, No. 02C01-9801-CR-00022, 1999 WL 395415, at *4 (Tenn. Crim. App. at Jackson, June 15, 1999)(it was unnecessary to force the victim to remain in her car in order to steal the vehicle); State v. Price, No.01C01-9810-CR-00421, 1999 WL 1063414, at *2 (Tenn. Crim. App. at Nashville, November 24, 1999)(the aggravated robbery could have been completed when the defendant first approached the car without forcing the victim to drive around to find a secluded area for completion).

Nabors was not free to notify anyone of the robbery, the appellant's risk of detection was lessened. Also, the reduced risk of detection increased Ms. Nabors' risk of harm. See Dixon, 957 S.W.2d at 536. The appellant, while in possession of a gun, forced Ms. Nabors to remain in the car. Despite his assurances to the contrary, the appellant could have shot Ms. Nabors at any time during her confinement in the car. Therefore, both prongs of the Anthony-Dixon test are satisfied. The appellant's aggravated kidnapping conviction does not violate due process and must be upheld. This issue is without merit.

## B. Sentencing

The appellant also argues that the trial court erred in imposing his sentences. First, the appellant contends that the trial court erred in enhancing his sentences for both aggravated kidnapping and aggravated robbery two years above the minimum sentences of eight years. Second, the appellant alleges that the trial court erred by requiring him to serve his sentences consecutively.[3]

Generally, appellate review of the length of a sentence is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1997). The presumption of correctness is contingent upon the record revealing that the trial court adequately considered sentencing principles and all relevant facts and circumstances. See State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The trial court's failure to properly consider these factors removes the presumption of correctness. See State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997). In any event, the burden is on the appellant to demonstrate the impropriety of his sentences. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

In its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the defendant in his own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102,-103,-210 (1997). See also Ashby, 823 S.W.2d at 168.

The trial court must also consider these factors in sentencing a defendant. Tenn. Code Ann. § 40-35-103(1). Moreover, in determining the appropriate sentence, the trial court must determine the appropriate range of sentence. Tenn. Code Ann. § 40-35-210(a). The appellant in this case is a standard offender, and aggravated kidnapping and aggravated robbery are both class B felonies. Tenn. Code Ann. § 39-13-304(b)(1), -402(b)(1997). Therefore, the appropriate sentencing range is from eight to twelve years incarceration. Tenn. Code Ann. § 40-35-112(a)(2)(1997). The appellant's sentence within the range depends upon the trial court's application of enhancement and mitigating factors. Tenn. Code Ann. § 40-35-210(b)(5). Because we conclude that the trial court

---

[3]We will examine these claims even though the appellant does not support his allegations by argument, citation to authorities, or appropriate references to the record. Such bald assertions are generally treated as waived by this court. Tenn. R. Ct. Crim. App. 10(b).

improperly considered enhancement factors and failed to consider a statutorily mandated mitigating factor, we review the appellant's sentences without a presumption of correctness.

### 1. Length of sentences

First, the appellant challenges the trial court's imposition of ten-year sentences for his convictions of aggravated kidnapping and aggravated robbery, sentences that are in excess of the statutory minimum for each offense. With regard to the sentence for aggravated kidnapping, the appellant specifically claims that the trial court erred by failing to take into account his voluntary release of the victim alive, a statutorily mandated mitigating factor. Tenn. Code Ann. § 39-13-304(b)(2). The State conceded at oral argument that the trial court was required to consider the appellant's voluntary release of the victim, and we agree.

With regard to both ten-year sentences, the trial court found that two enhancement factors were applicable to the appellant: (1) the appellant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, and (8) the appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. Tenn. Code Ann. § 40-35-114. In applying enhancement factor (8) to the appellant, the trial court noted that "he was on probation, as I understand it, out of the juvenile court at the time he committed these acts." However, the mere fact that the appellant committed the *current* offense while on probation does not indicate a *previous* history of unwillingness to comply with conditions of a sentence involving release into the community. See State v. Hayes, 899 S.W.2d 175, 185-186 (Tenn. Crim. App. 1995)(commission of the offense for which a defendant is being sentenced should not make factor (8) applicable). But see State v. Martin, No.03C01-9711-CR-00508, 1998 WL 707798, at *4 (Tenn. Crim. App. at Knoxville, October 12, 1998) perm. app. denied (Tenn. 1999)(the accused was on probation when the current offense was committed, which indicated unwillingness to comply with conditions of release). The court also could not consider the appellant's previous violation of parole as a juvenile in applying enhancement factor (8). State v. Faulkner, No. 03C01-9806-CR-00217, 1999 WL 1039714, at *7 (Tenn. Crim. App. at Knoxville, November 12, 1999)(when imposing a sentence for an offense committed after enactment of Tenn. Code Ann. § 40-35-114(20), the trial court could not consider the defendant's "probation revocation that occurred when he was a juvenile"). Thus, the court improperly applied enhancement factor (8).

Additionally, because all of the appellant's prior offenses were committed by him as a juvenile, the court improperly considered enhancement factor (1). See State v. Brown, No. 02C01-9710-CC-00419, 1998 WL 742350, at *2 (Tenn. Crim. App. at Jackson, October 26, 1998)(factor (20) became the exclusive factor for enhancing a sentence based on an appellant's juvenile record after Tenn. Code Ann. § 40-35-114 was amended in 1995). Enhancement factor (20) is the only appropriate factor to consider when a defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult. Tenn. Code Ann. § 40-35-114. The appellant's juvenile convictions of theft of property over $500 and attempted especially aggravated robbery would have been class E and class B felonies, respectively, if committed by an adult. Tenn. Code Ann. § 39-14-105(2), 39-13-403(b), 39-12-107(a)(1997). Accordingly, factor (20) is applicable to the appellant.

When there are enhancement and mitigating factors that apply to an appellant, the trial court must start at the minimum sentence in the range, enhancing the sentence as appropriate in light of any enhancement factors and reducing the sentence as appropriate upon consideration of any mitigating factors. Tenn. Code Ann. § 40-35-210(e). The trial court, in its discretion, determines the weight to be given to the enhancement and mitigating factors. See State v. Hayes, 899 S.W.2d 175,185 (Tenn. Crim. App. 1995); Price 1999 WL 1063414, at *6. This court has noted that,

> the mere number of existing enhancement factors is not relevant–the important consideration being the weight to be given each factor in light of its relevance to the [appellant's] personal circumstances and background and the circumstances surrounding his criminal conduct.

Hayes, 899 S.W.2d at 186. With regard to the appellant's sentence for aggravated kidnapping, the enhancement factor of the appellant's violent, juvenile criminal history weighs heavily against the mitigating factor of the voluntary release of Ms. Nabors. With regard to the appellant's sentence for aggravated robbery, the trial court correctly found that there are no applicable mitigating factors. We conclude that the record supports the appellant's ten year sentences for both the aggravated kidnapping conviction and the aggravated robbery conviction.

### 2. Consecutive Sentences

Lastly, the appellant challenges the trial court's imposition of consecutive sentences. Tenn. Code Ann. § 40-35-115(a)(1997) governs the court's ability to sentence an appellant who is convicted of more than one criminal offense to consecutive or concurrent terms of incarceration. See also Tenn. R. Crim. P. 32(c)(1). The trial court may order consecutive sentences if one or more of the following factors is present: (1) the appellant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood; (2) the appellant is an offender whose record of criminal activity is extensive; (3) the appellant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences; (4) the appellant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high; (5) the appellant is convicted of two or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the appellant and victim or victims, the time span of appellant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims; (6) the appellant is sentenced for an offense committed while on probation; or (7) the appellant is sentenced for criminal contempt. Id. at (b)(1)-(7).

The presence of a single factor is enough to justify the imposition of consecutive sentences. See State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995); Covington v. State, No. 01C01-9401-CR-00010, 1994 WL 548751, at *1 (Tenn. Crim. App. at Nashville, October 6, 1994). In this case, the trial court found that the appellant committed the aggravated kidnapping and aggravated robbery while on probation for offenses adjudicated in juvenile court. Tenn. Code Ann. § 40-35-115(b)(6). We affirm the trial court's imposition of consecutive sentences.

-6-

### III. Conclusion.

The appellant has failed to demonstrate that his aggravated kidnapping of Ms. Nabors was incidental to the aggravated robbery. The appellant has also failed to carry his burden of demonstrating the impropriety of his sentences. We affirm the judgments of the trial court.

_____
Norma McGee Ogle, Judge