IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE

FILED

December 15, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FOR PUBLICATION

Filed: December 15, 1997

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellant, | ) | HAMILTON CRIMINAL |
| | ) | |
| v. | ) | Hon. Douglas A. Meyer |
| | ) | |
| RICKY MICHAEL DIXON, | ) | No. 03S01-9704-CR-00043 |
| | ) | |
| Appellee. | ) | |

FOR APPELLANT:

John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Elizabeth T. Ryan
Assistant Attorney General

FOR APPELLEE:

Jerry S. Sloan
Chattanooga

# O P I N I O N

APPELLATE COURT REVERSED        HOLDER, J.

**OPINION**

The appellant, Ricky Michael Dixon, was convicted of aggravated kidnapping, aggravated assault, and attempted sexual battery. He was sentenced to twenty years for aggravated kidnapping, fifteen years for aggravated assault, and eleven months and twenty-nine days for attempted sexual battery. The sentences were ordered to run concurrently. The appellate court reversed the aggravated assault and attempted sexual battery convictions pursuant to State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). We reverse the appellate court and affirm the convictions.

**BACKGROUND**

On September 6, 1992, the victim was walking home along a lighted street when the defendant approached her from behind and grabbed her.[1] She testified that the defendant "pinned [her] down with one of his arms and covered [her] mouth with the other." He lifted her and "slammed [her] to the ground." He positioned his hands around her neck and began choking her. He then dragged her approximately thirty to forty feet from the illuminated sidewalk into or behind foliage growing on the back of an adjacent vacant lot.[2]

After the defendant dragged the victim into the bushes on the vacant lot, he forced her to pull down her jeans. He then removed her underwear. The defendant was unable to engage in sexual intercourse as the victim resumed

_____

[1]While the continuing validity of State v. Anthony under the 1989 Criminal Code has been questioned, see e.g., State v. Johnny L. Smith, CCA No. 02C01-9602-CR-00061 (Tenn. Crim. App., Jackson, May 15, 1997), the due process principles of Anthony and the test designed to implement them are equally applicable to kidnapping convictions under the law in effect both before and after the effective date of the 1989 Criminal Code Revision.

[2]The distance was estimated in court by the prosecutor walking away from a witness toward the rear of the courtroom. While argument of counsel is not evidence, the prosecutor noted during argument that this distance appeared to be approximately thirty to forty feet.

2

efforts to ward off the assault. He, however, grabbed her by the hair and forced her to perform fellatio on him.

The victim attempted to flee to a nearby house to summon help. The defendant pulled her back and began beating her causing a facial fracture. He then removed her remaining garments. He positioned himself on top of her and began choking her again until she ceased fighting. The victim testified that the defendant digitally penetrated her. She then thrust her fingers into the defendant's eyes and "ran screaming" and unclothed to a nearby house.

The defendant testified. His version of the events in question conflicted with that of the victim. He asserted that the victim informed him he could spend the evening at her home. As they were walking toward her house, the victim and the defendant stopped at a vacant lot located approximately four houses from the victim's home. They walked into the lot and sat down. He alleged that the victim began to perform consensual oral sex on him. They then exchanged words and a physical confrontation ensued.

A jury convicted the defendant of aggravated kidnapping, aggravated assault, and attempted sexual battery. The Court of Criminal Appeals found that kidnapping was essentially incidental to both aggravated assault and attempted sexual battery pursuant to State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). The appellate court reversed the aggravated assault and attempted sexual battery convictions.

3

## ANALYSIS

This court has recognized that separate kidnapping convictions may violate due process when kidnapping is essentially incidental to other offenses for which a defendant has been convicted. In State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), this Court heard consolidated appeals and delineated the standard for determining whether kidnapping was essentially incidental to an underlying offense. In Anthony, the defendants were convicted of robbing a Shoney's Restaurant. The restaurant had just closed. Behind the establishment there were three employees emptying garbage into a dumpster. The defendants approached the three outside employees and forced them at gun-point to lie on the ground. One defendant remained with the three outside employees while the other defendant entered the restaurant.

The defendant entering the restaurant initially encountered two additional employees inside the restaurant. The defendant ordered, at gun point, the two employees to an office in the back of the restaurant. When they arrived at the office, the defendant demanded that the safe be opened. The defendant was then informed that the safe was in the front of the restaurant by the cash register. The defendant then instructed one of the employees to lie on the floor of the office as he and the other employee went to the front of the restaurant. After taking money from the safe, the defendant encountered a third employee exiting a restroom. The defendant pointed his gun at the employee and instructed him to "get back in the men's room and stay there." The defendants then fled the scene. The entire episode lasted approximately five minutes.

State v. Martin, the case consolidated with Anthony, also involved a kidnapping conviction in conjunction with an underlying robbery conviction. In

4

Martin, the defendant entered an insurance agency. He then robbed, at gun point, two people inside the agency. After receiving approximately $ 200, he ordered both victims into a bathroom where they remained until the defendant exited the building. The entire episode lasted approximately four minutes.

The defendants in both Anthony and Martin were convicted of aggravated kidnapping and armed robbery. The issue with which we were confronted in Anthony was whether movements or confinements merely incidental to robbery should sustain separate kidnapping convictions. We held that a kidnapping conviction violated due process when predicated on movement or confinement that was merely incidental to an accompanying felony and not "significant enough, in and of itself, to warrant independent prosecution." Id. at 306. We reversed the kidnapping convictions holding that the kidnappings were essentially incidental to the robberies based on the following findings: (1) the removal or confinement did not substantially increase the risk of harm to the victims; (2) the victims' movement was slight; (3) the confinement was brief; and (4) the victims "were not harmed in any way." Id. at 307.

Approximately one year later, this Court applied Anthony to a case in which the defendant had been convicted of aggravated rape, aggravated robbery, and aggravated kidnapping. In State v. Colemen, 865 S.W.2d 455 (Tenn. 1993), the defendant robbed a store. He forced the victim at gun point to empty the cash register's contents into a bag. He then ordered the victim to the back of the store and into a "side room" where he raped her at gun point. This Court reversed the kidnapping conviction finding that the abduction was essentially incidental to the robbery.

5

Anthony and its progeny, however, are not meant to provide the rapist a free kidnapping merely because he also committed rape.[3] The Anthony decision should only prevent the injustice which would occur if a defendant could be convicted of kidnapping where the only restraint utilized was that necessary to complete the act of rape or robbery. Accordingly, any restraint in addition to that which is necessary to consummate rape or robbery may support a separate conviction for kidnapping.

In the case now before this Court, Dixon was charged with kidnapping for seizing or confining the victim to "facilitate the commission of any felony or flight thereafter, or to terrorize the victim or another, or where the victim suffered serious bodily injury . . . ." Our current aggravated kidnapping statute does not require a particular distance of removal or any particular duration or place of confinement. One commits aggravated kidnapping who knowingly removes or confines another "so as to interfere substantially with the other's liberty": (1) to facilitate the commission of any felony or flight thereafter; (2) with intent to inflict serious bodily injury on or to terrorize the victim or another; or (3) where the victim suffers serious bodily injury. Tenn. Code Ann. § 39-13-305. Accordingly,

---

[3] See Coram v. Commonwealth, 352 S.E.2d 532 (Va. Ct. App. 1987) (moving victim 20 feet into bushes to facilitate rape attempt constituted kidnapping because the movement increased the possibility of harm to victim by lessening the chance that the crime would be detected); Lee v. State, 932 S.W.2d 756 (Ark. 1996) (affirming kidnapping where man grabbed woman from lighted sidewalk and dragged her approximately 1 block to back of building where there was no light to rape her); State v. Jones, 575 A.2d 216 (Conn. 1990) (grabbing jogger from center of road and dragging her completely off road provided sufficient movement for kidnapping); Davis v. State, 348 S.E.2d 730, 732 (Ga. Ct. App. 1986) (affirming kidnapping where victim forcibly carried to area behind her house prior to rape); State v. Davidson, 335 S.E.2d 518 (N.C. Ct. App. 1985) (moving victims 35 feet at gun point prior to binding them constituted kidnapping and robbery because movement was unnecessary to completion of robbery); Harris v. State, 774 S.W.2d 121 (Ark. 1989) (affirming kidnapping conviction where defendant twice chased and dragged victim back into building); State v. Richmond, 827 P.2d 743 (Kan. 1992) (holding dragging victim from front of house and to bedroom lessened risk of detection and binding her during second rape supported separate kidnapping conviction); State v. Rich, 305 N.W.2d 739 (Iowa 1981) (dragging victim into vacant restroom lessened rick of detection and binding her wrists not normally incident to rape); State v. Lykken, 484 N.W.2d 869 (S.D. 1992) (holding confinement of four hours not necessary to complete individual acts of rape which lasted fifteen to twenty minutes supported consecutive sentences for kidnapping and rape convictions); State v. Gordon, 778 P.2d 1204 (Ariz. 1989) (holding confinement in victims apartment, beating, and rape supported consecutive sentences for kidnapping and rape); State v. Warner, 626 A.2d 205 (R.I. 1993) (finding four or five hour detention on boat sufficient to support separate kidnapping conviction); Faison v. State, 399 So. 2d 19 (Fla. 3d DCA 1981) (moving victim front room to back of building to lessen risk of detection supported separate rape conviction).

it is the purpose of the removal or confinement and not the distance or duration that supplies a necessary element of aggravated kidnapping.

Dixon grabbed the victim from behind and slammed her onto the ground. He then dragged her from a sidewalk along a lighted street across a vacant, empty and unlit lot to a location concealed from the road by foliage. He then beat and forcefully undressed the victim. The victim testified that Dixon forced her to perform fellatio on him and that he digitally penetrated her before she was able to break free. She then ran unclothed to a nearby house to summon help.

Initially, we note that the kidnapping was not incidental to the aggravated assault. The brutal beatings were not necessary for the commission of either the kidnapping or the attempted sexual battery. Likewise, the movement to the back of the vacant lot was not necessary for commission of the aggravated assault. Accordingly, the aggravated assault was an act independent of both the kidnapping and the attempted sexual battery and should not have been reversed.

We must now decide whether the movement or confinement was beyond that necessary to consummate the act of attempted sexual battery. Anthony, 817 S.W.2d at 306. If so, the next inquiry is whether the additional movement or confinement: (1) prevented the victim from summoning help; (2) lessened the defendant's risk of detection; or (3) created a significant danger or increased the victim's risk of harm. Id.

We find that the defendant's act of dragging the victim approximately thirty to forty feet after the initial assault was beyond that necessary to complete the attempted sexual battery. Had Dixon confined and attempted to sexually

7

penetrate the victim where he initially physically assaulted her, the confinement would have been merely incidental to the attempted sexual battery. Dixon's movement of the victim to the back of a dark lot, however, exceeded that restraint necessary to consummate the act of attempted sexual battery. Accordingly, we now focus on the second inquiry.

The evidence introduced at trial indicates that Dixon did not choose the back of the vacant lot behind the bushes for the personal comfort of himself or the victim during the attempted sexual battery. He forcefully dragged the victim to the secluded location to avoid detection. The investigating officer testified that the entire incident would have been visible from the street had Dixon not removed the victim from the location where he initially assaulted her. The officer testified that Dixon's movement of the victim to the back of the dark and vacant lot, however, precluded one from visually witnessing the assault from the street. Accordingly, we find that Dixon's movement of the victim lessened the risk of detection and substantially increased the risk of harm to the victim. See Coram v. Commonwealth, 352 S.E.2d 532 (Va. 1987) (moving victim 20 feet into bushes to facilitate rape attempt constituted kidnapping because the movement increased the possibility of harm to victim by lessening the chance that the crime would be detected).

The circumstances of the present case are distinguishable from both Anthony and Coleman. In Anthony, the movement or confinement did not exceed that normally incident to robbery. In Coleman, while there was movement which exceeded that necessary to consummate the act of rape, there was no finding that the movement decreased the probability of detection, prevented the victim from summoning help, or increased the risk of harm. In the case now before us, we have testimony that the movement lessened the risk of

8

detection.  The lessened risk of detection increased the risk of harm to the victim.  Moreover, the victim sustained serious bodily injuries.

The judgment of the Court of Appeals reversing the aggravated assault and attempted sexual battery convictions is reversed, and the convictions are reinstated.  Cost of this appeal shall be taxed to the defendant, Ricky Michael Dixon, for which execution may issue if necessary.

_____
Janice M. Holder, Justice

**Concurring:**
Anderson, C.J.
Drowota, J.J.

**Dissenting:**
Reid and Birch, J.J.

9