IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION



FILED

**August 14, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 03C01-9704-CR-00138 |
| | ) | |
| Appellee | ) | |
| | ) | HAMILTON COUNTY |
| V. | ) | |
| | ) | HON. DOUGLAS A. MEYER, |
| ALBERT CHRISTIAN PADGETT, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Especially Aggravated Kidnapping, |
| | ) | Aggravated Rape, Aggravated |
| | ) | Robbery, Theft) |
| | ) | |
| | ) | |

For the Appellant:

Alan R. Beard
737 Market Street, Suite 601
Chattanooga, TN 37402

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Timothy F. Behan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493


William H. Cox, III
District Attorney General

C. Leland Davis
Assistant District Attorney
600 Market Street, Suite 310
Chattanooga, TN 37402


OPINION FILED: _____


AFFIRMED


William M. Barker, Judge

# OPINION

The appellant, Albert Christian Padgett, appeals as of right his convictions in the Hamilton County Criminal Court of especially aggravated kidnapping, two counts of aggravated rape, two counts of aggravated robbery, and theft over $1,000. He received an effective sentence of 103 years.

Appellant argues on appeal:

(1) that the trial court erred in allowing separate convictions for aggravated rape and especially aggravated kidnapping based upon the same criminal episode;

(2) that the trial court erred in allowing two convictions for aggravated rape when both rapes occurred at the same time and involved the same victim; and

(3) that the trial court erred in failing to instruct the jury on the defense of necessity.

After a thorough review of the record, we find no reversible error. Accordingly, we affirm the judgment of the trial court.

Sometime after 11:00 p.m. on September 30, 1994, the victim, Carol Hill, was walking to her home on North Chamberlain Avenue in Chattanooga. At that time, she and her boyfriend were living across the street from her parents in the same neighborhood where the victim spent her childhood. When she was approximately 400 yards from her home, the victim noticed the headlights of a car approaching from behind. The car swerved over toward her and pulled alongside where she was walking. The passenger, a black male whose face was partially covered by a bandana, displayed a sawed-off shotgun and ordered her to drop to her knees. The victim fell down on the street and the passenger got out of the car and began rummaging through her purse. The passenger found five dollars and told the driver, who was standing nearby, "We can use this for gas money." While continuing to point the gun at her, the passenger then ordered the victim to get into the backseat of the

2

car.  He also got into the backseat, and the driver, later identified as appellant,[1] began to drive.  The men then directed the victim to get undressed.  As she was doing so, appellant drove several blocks to Glenwood Drive and then turned in to a secluded alleyway.

Appellant joined the victim and the passenger in the backseat and the men proceeded to rape the victim.  While appellant anally penetrated the victim, the passenger forced her to perform fellatio.  Appellant then ordered the victim to turn over and he vaginally raped her.  Following these acts, the men told the victim to get dressed and appellant resumed his position at the wheel.  He drove the victim back to where they initially accosted her and the passenger pushed the victim out of the moving car.  As the car drove away, the rear tire ran over the victim's left leg.

The victim ran to a nearby residence, but was unable to garner any response from the residents.  Fearing the men would come back for her, she hid in the yard until she was able to stop an approaching cab, which took her the short distance home where she called the police.  Appellant was apprehended several weeks later in Volusia County, Florida and was returned to Tennessee.

Appellant was later indicted for the aggravated robbery of Carol Hill, the especially aggravated kidnapping of Carol Hill, one count of aggravated rape by anal penetration, and one count of aggravated rape by vaginal penetration.  Based on events that occurred prior to the abduction of Ms. Hill, appellant was also indicted for the aggravated robbery of Joseph Sims and theft over $1,000 for stealing a car from a restaurant parking lot.

When the indictments were read to the jury at trial, appellant pled guilty to the theft of the automobile, the aggravated robbery of Joseph Sims, and the aggravated rape of Carol Hill by vaginal penetration.  The remaining charges were tried by a jury.  At the conclusion of the proof, the jury returned verdicts finding appellant guilty of the

---

[1]The victim identified the appellant from a photo lineup prior to trial and also made an in-court identification.

aggravated robbery of Carol Hill, the especially aggravated kidnapping of Carol Hill, and the aggravated rape of Carol Hill by anal penetration.

At a subsequent sentencing hearing, appellant received the maximum sentence for each offense.[2] He was sentenced to twenty-five years for the especially aggravated kidnapping, twenty-five years on each of the aggravated rapes, twenty years for each aggravated robbery, and eight years for theft over $1,000. The especially aggravated kidnapping sentence was ordered to be served concurrently to the aggravated robbery of Carol Hill, but the remaining sentences were ordered served consecutively for an effective sentence of 103 years.

Appellant first argues that the separate convictions for especially aggravated kidnapping and aggravated rape violate his due process rights. He contends that the kidnapping was essentially incidental to the rape, and therefore, a separate conviction is unconstitutional. We cannot agree.

Appellant relies upon State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). In Anthony, the court recognized that due process of law will not permit a kidnapping conviction where the detention of the victim is merely incidental to the commission of another felony, such as robbery or rape. Id. at 306. In order to determine whether the confinement, movement, or detention is significant enough in and of itself to warrant an independent prosecution, the court must determine whether the defendant's conduct substantially increased the risk of harm over and above that necessarily present in the accompanying felony. Id.

Recently, our supreme court elaborated on the relevant considerations in determining whether separate convictions for rape and kidnapping violate a defendant's due process rights. State v. Dixon, 957 S.W.2d 532 (Tenn. 1997). In Dixon, the defendant accosted the victim on a well-lit sidewalk, assaulted her, and

---

[2]For the Class A felonies, appellant was sentenced as a Range I standard offender. However, because of his previous record, appellant was classified a Range II multiple offender for the remaining convictions.

then dragged her into a vacant lot behind overgrown vegetation where he attempted to sexually assault her. Id. at 533. In holding that the defendant's convictions for aggravated kidnapping and attempted sexual battery did not violate due process,[3] the court first considered whether the movement or restraint was beyond that necessary to consummate the accompanying sexual assault. Id. at 535. The supreme court also found it relevant that the defendant's movement or confinement of the victim: (1) prevented the victim from summoning help; (2) lessened the defendant's risk of detection; or (3) created a significant danger or increased the victim's risk of harm. Id.

Applying those considerations to the instant case, we hold that appellant's conduct was sufficient to warrant separate convictions for the kidnapping and rape. The confinement of the victim and the attendant movement was unnecessary to consummate the rape. See id. The victim was accosted on the street in a well-populated neighborhood and robbed of her personal belongings. She was then forced into a waiting car, transported several blocks, and brutally raped. Neither confining the victim in the car nor transporting her was requisite to the rape. Had appellant and his companion so desired, they could have perpetrated the sexual assault on the street.

It is also apparent that the movement prevented the victim from summoning help. Id. Appellant removed the victim from familiar surroundings on a public street only a short distance from her home. Had the sexual offenses been committed on the sidewalk, there would have been a far greater potential for the victim's rescue. Also, because appellant confined the victim in the car, any cries for help were likely unheard.

In addition, the movement lessened the appellant's risk of detection. Id. Appellant drove the car to a secluded location and pulled off the main thoroughfare

---

[3]The defendant was also convicted of aggravated assault, but the court omitted it from the Anthony analysis because it clearly was not incidental to either the aggravated kidnapping or attempted sexual battery. Dixon, 957 S.W.2d at 535.

into a dark alley. The possibility of discovery in that location was far less than in the well-populated neighborhood where the victim knew many of the residents.

Although the victim did not sustain serious injuries, we believe, as did the Dixon court, that by lessening the risk of detection, appellant increased the risk of harm to the victim.[4] Id. Certainly the potential for harm was great since the perpetrators were armed with a shotgun. All the relevant factors support separate convictions.

Appellant's case is significantly different from the scenario in Anthony in which the confinement was incidental to the accompanying felony. Here, appellant's confinement of the victim cannot be considered incidental to the rape. See State v. Michael Eugene Duff, No. 03C01-9501-CR-00008 (Tenn. Crim. App. at Knoxville, February 8, 1996), perm. app. denied (Tenn. 1996) (affirming convictions for aggravated kidnapping and aggravated rape where defendant moved victim from side of road to dark parking lot of closed restaurant). As our supreme court stated, Anthony is not meant to provide the rapist a free kidnapping merely because he also committed rape. Dixon, 957 S.W.2d at 534. Accordingly, we find that the confinement and movement of the victim supports an independent conviction for especially aggravated kidnapping.

Appellant contends that his two convictions of aggravated rape violate principles of double jeopardy because they both occurred at the same time and involved the same victim. He argues that only one conviction of aggravated rape was appropriate under the circumstances. Appellant's issue is without merit.

While the double jeopardy clause of the Fifth Amendment generally provides protection against multiple prosecutions and convictions, appellant's argument specifically implicates multiplicity, the protection against multiple punishments for the same offense. State v. Phillips, 924 S.W.2d 662, 664 (Tenn. 1996). The evil sought

---

[4]The only injuries the victim suffered were an abrasion to her knee and a sprained ankle.

6

to be avoided in such cases is the improper division of conduct into discrete offenses, thereby creating several offenses out of a single offense. Id. at 665.

"Although separate acts of intercourse may be so related as to constitute one criminal offense, generally rape is not a continuous offense, but each act of intercourse constitutes a distinct and separate offense." Id. At 664 (quoting 75 C.J.S. Rape § 4 (1952 & Supp. 1995)). Additionally, both vaginal and anal intercourse are separately defined by Tennessee Code Annotated section 39-13-501(7) as discrete types of sexual penetration prohibited by Tennessee Code Annotated section 39-13-502.

Nevertheless, it is conceivable that separate acts of intercourse may be so related as to constitute one criminal offense. Id. In order to ensure that sexual offenses, such as those presented in appellant's case, are not multiplicitous, the following factors should be considered: (1) the nature of the act; (2) the area of the victim's body invaded by the sexually assaultive behavior; (3) the time elapsed between the discrete conduct; (4) the accused's intent, in the sense that the lapse of time may indicate a newly formed intent to again seek sexual gratification or inflict abuse; and (5) the cumulative punishment. Id. at 665. No single factor is determinative of the issue.

The two counts of aggravated rape in appellant's indictment specified two methods of sexual penetration: anal and vaginal. The victim's testimony clearly supports two separate acts. Initially, appellant instructed the victim to get on her hands and knees in the backseat of the car. He positioned himself behind the victim and penetrated her anally. The victim was forced to perform fellatio on the co-defendant simultaneously. At some point, these acts stopped and appellant instructed the victim to turn over, at which time he entered her vaginally. Considering that the two acts involved differing body positions and that appellant invaded different areas of the victim's body each time, we consider the acts to be discrete. The two convictions of aggravated rape are not multiplicitous.

7

Appellant also contends that the trial court erred in denying his request to instruct the jury on the defense of necessity. He alleges the instruction was warranted in the face of his own testimony that he was fearful of the armed co-defendant and that after the robbery of Joseph Sims, he no longer wanted to participate. We agree with the trial court's ruling that there was no evidence to support the charge.

It is incumbent upon a trial court to give the jury a complete charge of the law based upon the facts of the case. State v. Harbison, 704 S.W.2d 314, 319 (Tenn.), cert. denied, 476 U.S. 1145, 106 S.Ct. 2261, 90 L.Ed.2d 706 (1986) (citation omitted). With regard to necessity, the jury should be so instructed where admissible evidence fairly raises the defense. State v. Culp, 900 S.W.2d 707, 710 (Tenn. Crim. App. 1994). The burden then falls on the state to prove beyond a reasonable doubt that the defense does not apply. Id.; State v. Hood, 868 S.W.2d 744, 748 (Tenn. Crim. App. 1993).

The defense of necessity provides that criminal conduct is justified if: (1) the person reasonably believes the conduct is immediately necessary to avoid imminent harm; and (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct. Tenn. Code Ann. §39-11-609 (1991). The defense of necessity is applicable in "exceedingly rare situations where criminal activity is an objectively reasonable response to an extreme situation." Tenn. Code Ann. §39-11-609 Sentencing Commission Comments.

In support of that defense, appellant testified that the aggression the co-defendant showed during the perpetration of the first aggravated robbery indicated to him that he would not go home alive. He testified that he was scared and before they saw Ms. Hill, he told the co-defendant that he no longer wanted to participate in the criminal enterprise. With regard to the rape, appellant testified that the co-defendant told him "Come back here and get some." He testified that the way the co-defendant motioned the gun and "the look in his eye" scared him. Although expressing his fear

8

of the co-defendant, appellant stated that he did not believe he would "blow his brains out."

Such testimony fails to show that appellant was threatened with imminent bodily harm or that the desirability and urgency clearly outweighed the harm of committing the crime. Appellant never testified that the co-defendant threatened him with bodily harm, or that he attempted to harm him. In contrast, his testimony demonstrated that he was high on crack cocaine that night, had planned to commit robberies in order to obtain more drugs, and participated voluntarily in the criminal enterprise. As a result, the trial court was under no duty to charge the defense of necessity. See State v. Scotty Davenport, No. 01C01-9611-CR-00477 (Tenn. Crim. App. at Nashville, February 18, 1998).

Our review of the record indicates that the proof presented at trial sustains each of appellant's convictions and that appellant was not entitled to an instruction on the defense of necessity. The judgment of the trial court is affirmed in all respects.

_____
William M. Barker, Judge

CONCUR:

_____
Joseph M. Tipton, Judge

_____
Curwood Witt, Judge

9