# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
December 4, 2001 Session

## STATE OF TENNESSEE v. RAYMOND GRIFFIN

### Appeal from the Criminal Court for Shelby County
### Nos. 98-09629 – 98-09631      Joseph B. Dailey, Judge

---

### No. W2000-01332-CCA-R3-CD - Filed March 15, 2002

---

GARY R. WADE, P.J., concurring and dissenting.

I agree with the majority opinion except that I would hold that the defendant's dual convictions for the especially aggravated kidnapping and aggravated robbery of Larry Smith do not violate due process. I would, therefore, affirm the especially aggravated kidnapping conviction.

In Anthony, our supreme court acknowledged that a period of confinement of the victim frequently accompanies such crimes as robbery and established that whether a separate kidnapping conviction can be supported depends upon "whether the confinement, movement, or detention [was] essentially incidental to the accompanying felony . . . ." 817 S.W.2d 299, 305 (Tenn. 1991). Later, in State v. Dixon, our high court clarified its ruling in Anthony:

> Anthony and its progeny, however, are not meant to provide the rapist a free kidnapping merely because he also committed rape. The Anthony decision should only prevent the injustice which would occur if a defendant could be convicted of kidnapping where the only restraint utilized was that necessary to complete the act of rape or robbery. Accordingly, any restraint in addition to that which is necessary to consummate rape or robbery may support a separate conviction for kidnapping.

957 S.W.2d 532, 534-35 (Tenn. 1997) (emphasis added). Where the confinement is beyond that necessary for the accompanying felony, the next inquiry is whether it (1) prevented the victim from summoning help; (2) lessened the defendant's risk of detection; or (3) created a significant danger or increased the victim's risk of harm. Id. at 535.

Here, the majority concludes that the binding of Smith's hands with duct tape was essentially incidental to the aggravated robbery and, therefore, that the defendant's separate conviction for especially aggravated kidnapping is violative of due process and Anthony. In my view, however, the facts warrant separate convictions. The record demonstrates that the defendant and two accomplices accosted the victim in his driveway just as he arrived home from work. The three men blocked the victim's vehicle with their own and held the victim at gunpoint. Rather than robbing

the victim as he sat in his truck, the men forced him inside his home at gunpoint and then bound him with duct tape. When the victim had difficulty unlocking the door, one of the assailants suggested they shoot him.

In my view, the confinement of the victim in this instance was beyond that necessary for the commission of the robbery. In <u>State v. Claude Douglas Copeland</u>, No. 01C01-9410-CR-00366, slip op. at pp. 8-9 (Tenn. Crim. App., at Nashville, Sept. 27, 1995), a panel of this court approved of separate convictions for robbery and kidnapping with intent to commit robbery:

> [T]he defendant's conduct of . . . forcing [the victim] in the trunk[] substantially increased the victim's risk of harm. If the defendant had only wanted to steal the victim's wallet and car, he could have left him on the street where he robbed him. It is evident from these facts that the robbery could have been completed without forcing the victim into . . . the trunk at knife point. Thus, the kidnapping was not incidental to the robbery but rather in addition to the robbery.

Here, the defendant and his companions could have completed the robbery of Larry Smith without forcing him at gunpoint into his residence or binding him with duct tape. By forcing Smith into his residence at gunpoint, the robbers both lessened their chances of detection and increased the risk of harm to Smith, whose nervous fumbling encouraged one robber to exhort the others to "shoot him." By binding Smith, the robbers further lessened their risk of detection and hindered any potential attempt by Smith to summon help. Furthermore, although Smith was able to unbind himself, he testified that when he attempted to telephone for help, he discovered that the robbers had cut all but one of the telephone lines. I would, therefore, uphold the separate conviction for especially aggravated kidnapping.

_____
GARY R. WADE, PRESIDING JUDGE