IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 16, 2004

## PERRY FRANKS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13156     Jim T. Hamilton, Judge**

---

**No. M2004-00554-CCA-R3-PC - Filed February 9, 2005**

---

The Defendant, Perry Franks, pled guilty pursuant to a "best interest" plea to one count of aggravated rape and one count of especially aggravated kidnapping. The plea agreement provided that the Defendant would receive a Range I sentence of fifteen years for each offense, to run concurrently. The Defendant subsequently filed for post-conviction relief, alleging that his lawyer was ineffective and that his dual convictions violate due process under State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). After a hearing, the trial court denied relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA McGEE OGLE, JJ., joined.

M. Wallace Coleman, Lawrenceburg, Tennessee, for the appellant, Perry Franks.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Mike Bottoms, District Attorney General; and J. Douglas Dicus, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant was charged with one count of aggravated rape and one count of especially aggravated kidnapping. He decided to enter a "best interest" plea of guilt[1] to these charges in exchange for concurrent fifteen year sentences. The Defendant now contends that his plea was marred by the ineffective assistance of counsel because his lawyer told him that he would be eligible for parole in eight years, and because his lawyer failed to file a motion to withdraw his guilty plea after being timely requested to do so by the Defendant.

---

[1]See North Carolina v. Alford, 400 U.S. 25 (1970).

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer, and actual prejudice to the defense caused by the deficient performance. See id. at 687; Burns, 6 S.W.3d at 461. The defendant bears the burden of establishing both of these components by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. See Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of a guilty plea. See Hill v. Lockhart, 474 U.S. 52, 57 1985). The prejudice component is modified such that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.; see also Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." See Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462; Hellard, 629 SW.2d 4, 8 (Tenn. 1982). The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard, 629 S.W.2d at 9, and counsel's alleged errors should be judged in light of all the facts

and circumstances as of the time they were made. See Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. See Fields v. State, 40 S.W.3d 450, 458 Tenn. (2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. See id. "However, a trial court's conclusions of law--such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id.

The Defendant testified at the post-conviction hearing that his lawyer told him that the State was offering him "15 years at 100 percent." The Defendant claimed, however, that his attorney also told him that, if he took the offer, he would "come up for parole in eight years." After the Defendant took the plea, he learned that the crimes to which he had pled required one hundred percent service, with no more than a 15% reduction for sentence credits.[2] He called the Public Defender's office where his lawyer worked and requested that his lawyer file a motion to withdraw his plea. The Defendant made this phone call within a few days of entering his plea.

A lawyer other than the one who was assigned to the Defendant's case testified that he received the Defendant's communication about moving to withdraw his plea, and forwarded the Defendant's request to the assigned lawyer. The motion was never filed, however.

The testifying lawyer ("Counsel") was also present with the Defendant immediately prior to and at the plea hearing. Counsel explained the plea to the Defendant and told him that the sentences to which he was agreeing had to be served at one hundred percent. Counsel

> explained to [the Defendant] that 100 percent meant 100 percent, subject to no more than 15 percent good time. Which meant . . . on a 15 [year sentence], I think we probably figured it out in the neighborhood of 13, 14 years . . . [that] [the Defendant] would have to serve, at a minimum, before he would be eligible for release.

The trial court accredited Counsel's testimony on this matter and found that the Defendant "was aware of the effects of a fifteen (15) year sentence and how much he would have to serve at the time that it was entered." Accordingly, the trial court found that the Defendant was not entitled to relief on this ground. The evidence does not preponderate against the trial court's finding and we therefore find no error in the trial court's ruling on this issue.

With respect to the Public Defender's failure to file a motion to withdraw the Defendant's guilty plea, the trial court determined that the evidence of this failure was "uncontroverted."

---

[2]See Tenn. Code Ann. § 40-35-501(i).

However, the trial court further found that the Defendant suffered no prejudice thereby because he "presented no evidence that he would have been entitled to withdraw his plea agreement in this manner." Accordingly, the trial court also refused to grant relief on the basis of this allegation.

Our Rules of Criminal Procedure provide that

> A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

Tenn. R. Crim. P. 32(f). In this case, the Defendant wanted to withdraw his plea after sentencing. Therefore, only if the plea was tainted by "manifest injustice" would the trial court have set the judgment aside, had the Defendant's requested motion been timely made.

This Court has recently explained that

> "manifest injustice" has been determined to exist when it is established that the plea was entered as the result of (1) "coercion, fraud, duress or mistake," (2) "fear," (3) a "gross misrepresentation made by the district attorney general, or an assistant," (4) the withholding of material or exculpatory evidence by the State, or (5) where the plea of guilty was "not voluntarily, understandingly, or knowingly entered."

State v. Clifford Douglas Peele, No. E2001-02825-CCA-RM-CD, 2002 WL 54691, at *2 (Tenn. Crim. App., Knoxville, Jan. 16, 2002) (quoting State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995)). In this case, the Defendant contends that his plea was tainted by mistaken legal advice that he would be eligible for parole in eight years. However, as noted by the trial court, the Defendant read and signed a guilty plea document that clearly stated that his sentences were "100%"; the trial court taking the plea repeatedly told the Defendant that his sentences were one hundred percent; and Counsel testified that, prior to the Defendant pleading, he explained to the Defendant the meaning of the one hundred percent service requirement. We agree with the trial court that the Defendant has failed to demonstrate any likelihood that a motion to withdraw his plea would have been granted, and the Defendant has therefore failed to demonstrate any prejudice resulting from his lawyer's failure to file same. This issue is without merit.

The Defendant also contends that his dual convictions cannot stand because they violate due process pursuant to our supreme court's opinion in State v. Anthony, 817 S.W.2d 299 (Tenn. 1991).[3] In that case, our supreme court recognized that certain crimes, such as robbery and rape, necessarily involve some detention or confinement of the victim. Under circumstances in which the detention

---

[3]The Defendant at times refers to this issue in terms of "double jeopardy." The gravamen of the Defendant's allegation, however, is the due process violation posited in State v. Anthony.

or confinement of the victim is "essentially incidental" to the underlying felony, principles of due process prohibit the imposition of another conviction for kidnapping. Thus, in determining whether a defendant's actions in committing the underlying offense will also support a separate conviction for kidnapping, the inquiry is

> whether the confinement, movement, or detention is essentially incidental to the accompanying felony and is not, therefore, sufficient to support a separate conviction for kidnapping, or whether it is significant enough, in and of itself, to warrant independent prosecution and is, therefore, sufficient to support such a conviction.

Anthony, 817 S.W.2d at 306. Our supreme court has subsequently explained that, in making this inquiry, we must first determine whether the movement or confinement employed was beyond that necessary to commit the accompanying felony. See State v. Dixon, 957 S.W.2d 532, 535 (Tenn. 1997). If so, we must next determine whether the additional movement or confinement (1) prevented the victim from summoning help; (2) lessened the defendant's risk of detection; or (3) created a significant danger or increased the victim's risk of harm. See id. If the defendant's conduct employed movement or confinement in addition to that necessary to the underlying crime, and that additional movement or confinement created any of the specified three conditions, separate convictions do not violate due process. See id.

We turn now to the facts of this case. At the plea hearing, the prosecutor stated the factual basis for the plea as follows:

> [The Defendant] lived in Florence, Alabama. Held Helen Atkinson, a cabdriver, the victim was a cabdriver down there on the date of the offense. She picked [the Defendant] up for a cab fair. He wanted to ride around here [in Wayne County]. He visits relatives here in Wayne County. At some point during their ride here in Wayne County he produced a knife and held her at knife-point, forced her to pull over to a rural area and raped her. And then made her drive back to relatives' home in which she was able to communicate to these individuals she was in trouble and they assisted her in getting away. She then went to the closest house where she was able to contact the authorities that she had been raped.

In short, the Defendant raped the victim at knife-point. That conduct constituted an aggravated rape. See Tenn. Code Ann. § 39-13-502(a)(1). The Defendant then required the victim to remain in the car with him and drive him to another location. A transcript of the victim's testimony at the preliminary hearing, introduced at the post-conviction hearing by the Defendant, indicates that the Defendant was still in possession of the knife while this after-rape transportation occurred. The Defendant's convictions are predicated upon his "best interest" plea of guilty and the factual basis presented at his plea hearing. Assuming that the Defendant did not waive this issue by entering into

his "best interest" plea agreement,[4] the burden was on the Defendant to prove by clear and convincing evidence that the facts do not support dual convictions. We find no such proof in the record. Accordingly, this issue is without merit.

We affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

---

[4] We note that the State addresses the issue on the merits and does not specifically argue that the Defendant waived the Anthony issue when he entered into the "best interest" plea agreement. The State does argue that the Defendant's guilty plea "implicitly acknowledges that his conduct constitutes additional force beyond the rape itself."