IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
December 19, 2006 Session

## STATE OF TENNESSEE v. THOMAS COBURN

**Appeal from the Criminal Court for Sullivan County**
**No. S46,918-19   R. Jerry Beck, Judge**

---

**No. E2005-02730-CCA-R3-CD - Filed August 9, 2007**

---

JOSEPH M. TIPTON, J., concurring and dissenting.

I respectfully dissent from the majority's conclusion that the aggravated kidnapping conviction should be reversed under State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). I concur, though, in the majority opinion's analysis and conclusions regarding the sufficiency of the evidence and consecutive sentencing.

As for the aggravated kidnapping conviction, I believe the facts justify a conclusion that the facts supporting kidnapping are not necessarily incidental to the attempted rape. As the majority opinion acknowledges, our supreme court has stated that "it is the purpose of the removal or confinement and not the distance or duration that supplies a necessary element of . . . kidnapping." State v. Dixon, 957 S.W.2d 532, 535 (Tenn. 1997). In this regard, I disagree with the majority opinion's view that the defendant's purpose was difficult to ascertain. The jury found beyond a reasonable doubt that the defendant attempted to rape the victim. Certainly, the defendant's nude state, semi-arousal, and pushing and pulling the victim constantly toward the foliage off the path justify a finding beyond a reasonable doubt that the defendant's intent was to take the victim out of view in order to facilitate his raping her without detection.

The evidence reflects that the victim was pulled off the path and restrained. The fact that she successfully defended herself from further abduction and from rape should not change the result.

If Anthony–Dixon requires an actual increase in the risk of harm or actual facilitation in completion of the predicate offense, then such facts are not necessarily shown in the proof before us. However, if such is the case, I would still view the circumstances to allow for a conviction for attempt to commit aggravated kidnapping based upon the defendant's intent to remove the victim from the path into the bushes.

Finally, as for Judge Witt's concurring opinion relative to applying double jeopardy analysis to the facts or otherwise allowing for the aggravated kidnapping conviction to survive as opposed

to the attempted rape conviction, I question such use given the statutes in effect today. I do not view the dismissal of the aggravated kidnapping to be "perplexing." If we always allowed the kidnapping conviction to stand, then the offenses of robbery and rape would rarely result in a conviction for such an offense. Inherent in Anthony's analysis is a recognition that the legislature, in enacting criminal offenses regarding rape and robbery, did not contemplate that everything that constituted a rape or a robbery would be prosecuted as a kidnapping. The primary function of our double jeopardy analysis is to determine legislative intent. State v. Denton, 938 S.W.2d 373, 379 (Tenn. 1996); see State v. Thornton, 10 S.W.3d 229, 238 (Tenn. 1999). The legislature has chosen to keep the elements of the kidnapping, rape, and robbery statutes the same since Anthony was decided, indicating its disinclination to punish a defendant for kidnapping each time a rape or robbery is prosecuted. I would affirm both convictions.

_____
JOSEPH M. TIPTON, JUDGE