# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs December 6, 2011

## ARTIS REESE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court of Shelby County**
**No. 03-07242      James C. Beasley, Jr., Judge**

---

**No. W2011-00609-CCA-MR3-PC  - Filed January 26, 2012**

---

Artis Reese ("the Petitioner") filed for post-conviction relief from his convictions of two counts of aggravated robbery and one count of aggravated criminal trespass, alleging that he received ineffective assistance of counsel at his jury trial and that one of his convictions offends due process. After a hearing, the post-conviction court denied relief, and this appeal followed. Upon our review of the record, we affirm the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Criminal Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

David Christensen, Brentwood, Tennessee, for the appellant, Artis Reese.

Robert E. Cooper, Jr., Attorney General & Reporter; Renee W. Turner, Senior Counsel; Amy Weirich, District Attorney General; Anita Spinetta, Assistant District Attorney General; for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

A jury convicted the Petitioner of two counts of aggravated robbery[1] arising out of a carjacking incident. The proof at trial established that three men accosted the victim Gladys

---

[1] The jury convicted the Petitioner of two counts of aggravated robbery, charged in the alternative, as to each of the two victims. The trial court subsequently merged the convictions so as to leave in place one conviction of aggravated robbery as to each victim.

Malone while she was driving her vehicle, accompanied by her two-year-old daughter and her adult friend, Stacy James, who was sitting in the front passenger seat. Both Malone and James were allowed out of the vehicle and Malone was able to retrieve her daughter before one of the perpetrators drove off in Malone's car. A phone charger that belonged to James remained in the car as it was driven off. The Petitioner received an effective sixteen-year sentence.

The Petitioner appealed, alleging that the evidence was not sufficient to support his convictions. This Court affirmed the Petitioner's convictions. State v. Artis Reese, No. W2006-00378-CCA-R3-CD, 2007 WL 551341, at *3-4 (Tenn. Crim. App. Feb. 21, 2007). The Petitioner subsequently filed for post-conviction relief, claiming that his trial lawyer was ineffective at trial and at sentencing, and that his conviction of the aggravated robbery of James offends due process. A brief review of the facts adduced at trial will assist in our review of the Petitioner's claims.

*Proof at Trial*

Stacy James testified that, on June 16, 2003, she was in the front passenger seat of a car driven by Gladys Malone. As they were approaching a stoplight, three men in a Roadmaster on their right side were "trying to flag [them] down." Malone kept driving but had to stop when the light changed to red. At this time, the Roadmaster was behind them. The driver of the Roadmaster got out, as did the passenger in the back seat. The two men approached from either side of Malone's car and told the women to get out. The man that approached James's side of the car pulled a gun "just out enough where [she] could see it." He did not say anything, but the man on Malone's side told them to get out of the car. James testified that she was "scared" and got out of the car. As she did so, she was able to retrieve her purse and her phone but left her phone charger in the car.

James identified the Petitioner at trial as the gunman who came to her side of the car. She also testified about her picking the Petitioner's photograph out of a six-photo photographic line-up after the incident. She testified that she was "positive" of her identification, adding, "I can't forget it. I can't forget it. I can't forget it." She also identified a photograph of a Roadmaster as the one from which the Petitioner emerged.

On cross-examination, James testified that the Petitioner got back in the Roadmaster after the carjacking. She acknowledged that she originally told the police that she saw the Petitioner get out of the front passenger seat of the Roadmaster.

Gladys Malone testified that, while she was stopped at the light, she was looking in her rearview mirror and saw the door of the Roadmaster behind her open. A man approached

her side of the car, pointed a gun at her, and told her to get out. She got out of the car, he got in, and she ran to get her two-year-old daughter out of the backseat. When the prosecutor asked Malone if she saw the person on James's side of the car, she replied, "No." However, she then testified that she had made a tentative identification of that person from a photographic array after the crime. According to Malone, the officer told her then that she had picked out the same person that James had. Over the defense lawyer's objection, the trial court permitted the State to show Malone the photo-spread on which James had circled the photograph of the Petitioner. On cross-examination, the defense established that Malone's primary concern had been retrieving her daughter.

Sgt. Dale Hensley testified that he showed the photographic arrays to both James and Malone. He explained, "[w]hen I showed the photospread to Ms. James, almost as soon as it hit the table, she pointed to [the Petitioner]." He also explained that Malone was not able to make a positive identification. Rather, she pointed to the picture of the Petitioner and said, "she thought it could be one of the individuals, but she wasn't certain."

Officer Ray Jenkins testified that he was involved in confiscating a Roadmaster and, during the inventory of the vehicle, he "observed [a] hand gun in the front portion of the vehicle under the armrest." He also identified the handgun recovered from the vehicle.

Tony Clayborn testified that he knew the Petitioner in June 2003. He was aware that the Petitioner had been driving a Roadmaster for a "couple of months." In June 2003, some officers came to the location where he and the Petitioner were sitting. A Roadmaster was parked nearby. When the officers approached, the Petitioner "took off running." Clayborn remained and spoke with the officers. Clayborn did not see the Petitioner again that day. Clayborn had no knowledge about a robbery and had never seen the Petitioner with a gun.

Officer Rodney Askew stated that he attempted to obtain fingerprints from the Roadmaster that law enforcement had confiscated. He found one "possible" print. No one testified that this possible print matched the Petitioner.

Jenny Franklin testified that she was resting at home on June 27, 2003. She noticed some police officers outside, but did not know the reason for their presence. As she was resting, someone kicked her door in. She identified this person as the Petitioner, whom she had never seen before. He came in her residence and asked if he could take a bath. She told him "go ahead" so that she could get out. She said that he just had pants on and that he went to her bathroom. She saw him take his pants off and get in the bathtub. She then ran out. She later identified the Petitioner from a photo array.

Officer Keith Rogers testified that he arrested the Petitioner on June 27, 2003. He had seen him running into an apartment complex and "heard a loud thump like he had kicked a door in or something like that." As he followed, a woman ran out and told him, "He's in my apartment." Officer Rogers called for back-up, and as they started to approach the woman's apartment, the Petitioner ran out. Officer Rogers testified, "He was totally nude." After a brief chase, Officer Rogers took the Petitioner into custody. Officer Rogers identified the Petitioner at trial.

On the basis of this proof, the jury convicted the Defendant of the aggravated robbery of Malone and of the aggravated robbery of James. Prior to the sentencing hearing, the State filed a "Notice of Intent to Seek Enhanced Punishment Pursuant to TCA § 40-35-202" which identified two prior misdemeanor theft convictions. At the sentencing hearing, the presentence report was admitted as an exhibit. The presentence report reflects five misdemeanor assault convictions and a misdemeanor conviction for possession of marijuana in addition to the two misdemeanor theft convictions. Defense counsel lodged no objection regarding the presentence report, and no testimony was elicited at the hearing. The trial court sentenced the Petitioner as a Range I standard offender to eight years on each of his two aggravated robbery convictions and six months on the aggravated criminal trespass charge. Additionally, the trial court ordered the two aggravated robbery sentences to be served consecutively, for an effective sentence of sixteen years, after finding the Petitioner to be a dangerous offender. See Tenn. Code Ann. § 40-35-115(b)(4) (2003). In making this determination, the trial court relied on the assault convictions reflected in the presentence report.

*Proof at Post-Conviction Hearing*

At the evidentiary hearing, only the Petitioner and his trial lawyer ("Trial Counsel") testified. The Petitioner complained that his lawyer did not locate an alibi witness; that he did not file a motion to suppress; that he did not provide street clothes for the Petitioner to wear during his trial; and that he did not adequately cross-examine the State's witnesses. Trial Counsel testified that there was no basis for filing a motion to suppress. He stated that he did not remember specifically being provided information about an alibi witness, but explained that, if the Petitioner had given him such information, he "would [have] tried to track them down." He did not recall the issue about the Petitioner's clothing, but explained that he would have offered clothes kept in Trial Counsel's office for the Petitioner to wear. As to his examination of the State's witnesses, he stated that he had read the trial record and that, in retrospect, he did not know of anything that he would have done differently. As to sentencing, he could not recall the issue concerning the misdemeanor assaults that were not included in the State's notice but that were included in the presentence report.

-4-

After the hearing, the post-conviction court denied relief by written order, finding that Trial Counsel had "provided proper and adequate representation." The post-conviction court also rejected the Petitioner's claim that his conviction for the aggravated robbery of James violated due process, ruling that this was, in essence, a challenge to the sufficiency of the evidence and that this claim had been previously determined on direct appeal.

Before this Court, the Petitioner argues that his lawyer was ineffective by failing to cross-examine Malone adequately and by failing to object at the sentencing hearing to the assault convictions that were reflected on the Petitioner's presentence report but that were not included in the State's motion to enhance the Petitioner's sentence. The Petitioner also persists in his claim that his aggravated robbery conviction as to James is unconstitutional.

## Analysis

### *Standard of Review*

A petitioner is entitled to post-conviction relief only when the petitioner demonstrates that his or her "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2006). To prevail on a post-conviction claim of a constitutional violation, the petitioner must prove his or her allegations of fact by "clear and convincing evidence." Id. § 40-30-110(f) (2006). See Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). This Court will not overturn a post-conviction court's findings of fact unless the preponderance of the evidence is otherwise. Pylant v. State, 263 S.W.3d 854, 867 (Tenn. 2008); Sexton v. State, 151 S.W.3d 525, 531 (Tenn. Crim. App. 2004). We will defer to the post-conviction court's findings with respect to the witnesses' credibility, the weight and value of their testimony, and the resolution of factual issues presented by the evidence. Momon, 18 S.W.3d at 156. With respect to issues raising mixed questions of law and fact, however, including claims of ineffective assistance of counsel, our review is de novo with no presumption of correctness. See Pylant, 263 S.W.3d at 867-68; Jaco v. State, 120 S.W.3d 828, 830-31 (Tenn. 2003); Sexton, 151 S.W.3d at 531.

### *Ineffective Assistance of Counsel*

The Petitioner contends that Trial Counsel was ineffective in his cross-examination of Gladys Malone and at sentencing. We disagree.

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel

at trial.[2]  Both the United States Supreme Court and the Tennessee Supreme Court have recognized that this right is to "reasonably effective" assistance, which is assistance that falls "within the range of competence demanded of attorneys in criminal cases."  Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).  The deprivation of effective assistance of counsel at trial presents a claim cognizable under Tennessee's Post-Conviction Procedure Act.  See Tenn. Code Ann. § 40-30-103; Pylant, 263 S.W.3d at 868.

In order to prevail on a claim of ineffective assistance of counsel, the petitioner must establish two prongs:  (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense.  See Strickland, 466 U.S. at 687; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).  The petitioner's failure to establish either prong is fatal to his or her claim of ineffective assistance of counsel.  Goad, 938 S.W.2d at 370.  Accordingly, if we determine that either prong is not satisfied, we need not consider the other prong.  Id.

To establish the first prong of deficient performance, the petitioner must demonstrate that his lawyer's "acts or omissions were so serious as to fall below an objective standard of 'reasonableness under prevailing professional norms.'"  Vaughn v. State, 202 S.W.3d 106, 116 (Tenn. 2006) (quoting Strickland, 466 U.S. at 688)).  Our Supreme Court has explained that:

> [T]he assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance.  It is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or incompetence.  Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations.

Baxter, 523 S.W.2d at 934-35 (quoting Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974)).  When a court reviews a lawyer's performance, it "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time."  Howell v. State, 185 S.W.3d 319, 326 (Tenn. 2006) (citing Strickland, 466 U.S. at 689).  Additionally, a reviewing court "must be highly deferential and 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

_____

[2] The Sixth Amendment right to counsel is applicable to the States through the Fourteenth Amendment to the United States Constitution.  See Gideon v. Wainwright, 372 U.S. 335, 342 (1963); State v. Howell, 868 S.W.2d 238, 251 (Tenn. 1993).

-6-

assistance.'" State v. Honeycutt, 54 S.W.3d 762, 767 (Tenn. 2001) (quoting Strickland, 466 U.S. at 689). We will not deem counsel to have been ineffective merely because a different strategy or procedure might have produced a more favorable result. Rhoden v. State, 816 S.W.2d 56, 60 (Tenn. Crim. App. 1991). We recognize, however, that "deference to tactical choices only applies if the choices are informed ones based upon adequate preparation." Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992) (citing Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)).

As to the prejudice prong, the petitioner must establish a "reasonable probability that but for counsel's errors the result of the proceeding would have been different." Vaughn, 202 S.W.3d at 116 (citing Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "That is, the petitioner must establish that his counsel's deficient performance was of such a degree that it deprived him of a fair trial and called into question the reliability of the outcome." Pylant, 263 S.W.3d at 869 (citing State v. Burns, 6 S.W.3d 453, 463 (Tenn. 1999)). "A reasonable probability of being found guilty of a lesser charge . . . satisfies the second prong of Strickland." Id.

The Petitioner's theory of defense at trial was that he was not the perpetrator. However, James testified steadfastly that the Petitioner was the armed man who had accosted her on her side of Malone's car. Additional circumstantial evidence corroborated the Petitioner's identity, including the circumstances of his capture. See State v. Zagorski, 701 S.W.2d 808, 813 (Tenn. 1985) ("A defendant's flight and attempts to evade arrest are relevant as circumstances from which, when considered with the other facts and circumstances in evidence, a jury can properly draw an inference of guilt.") (citing Sotka v. State, 503 S.W.2d 212, 221 (Tenn. Crim. App. 1972)). We have no doubt that the jury would have convicted the Petitioner as charged regardless of the degree to which Trial Counsel discredited Malone's testimony about her tentative identification of the Petitioner. The Petitioner has therefore failed to establish that he suffered any prejudice as a result of Trial Counsel's alleged inadequate cross-examination of Malone. Accordingly, the Petitioner is not entitled to post-conviction relief on this basis.

The Petitioner also complains about Trial Counsel's performance at the sentencing hearing. Specifically, he complains that Trial Counsel did not object to the misdemeanor assault convictions that were included in the presentence report but not in the State's notice of intent to seek an enhanced sentence. While the trial court did not rely on the assault convictions in order to enhance the Petitioner's sentencing range from Range I to Range II, see Tenn. Code Ann. § 40-35-202(a) (2003), the trial court did rely on the multiple assault convictions reflected in the presentence report in determining that the Petitioner should serve his sentences consecutively.

We agree with the post-conviction court that the trial court was entitled to consider these convictions for that purpose. A trial court is statutorily required to consider the presentence report in imposing sentence. Tenn. Code Ann. § 40-35-210(b)(2) (2003). The presentence report is statutorily mandated to include "[t]he defendant's record of prior convictions[.]" Id. § 40-35-207(a)(4) (2003). The Petitioner has identified no factual or legal basis for a sustainable objection to the trial court's consideration of the convictions listed in the presentence report. And, "[t]his Court has consistently held that information in a presentence report is reliable hearsay which may be admitted if the opposing party is offered the opportunity to rebut the same." Gerald Deon Jenkins v. State, No. E2010-00938-CCA-R3-PC, 2011 WL 810770, at *5 (Tenn. Crim. App. Mar. 9, 2011), perm. appeal denied (Tenn. May 25, 2011) (citing State v. Baker, 956 S.W.2d 8, 17 (Tenn. Crim. App. 1997); State v. Richardson, 875 S.W.2d 671, 677 (Tenn. Crim. App. 1993)). Accordingly, the Petitioner has failed to demonstrate that he suffered any prejudice from Trial Counsel's failure to object to the trial court's consideration of the misdemeanor assault convictions included in the presentence report for purposes of consecutive sentencing. Therefore, the Petitioner is entitled to no relief for ineffective assistance of counsel on this basis.

*Due Process Violation*

Apart from his claim of ineffective assistance of counsel, the Petitioner maintains that his conviction for the aggravated robbery of James is constitutionally infirm because the taking of her cell phone charger was merely incidental to the theft of the car from Malone. See State v. Anthony, 817 S.W.2d 299, 306 (Tenn. 1991) (due process precludes a conviction for kidnapping where the confinement, movement, or detention on which the kidnapping is based is "essentially incidental to the accompanying felony"), abrogated in part by State v. Dixon, 957 S.W.2d 532, 535 (Tenn. 1997). The post-conviction court concluded that this argument was simply a rephrasing of an attack on the sufficiency of the evidence. We agree. The key component of the Petitioner's argument is that "[t]he State produced no proof that [the Petitioner] intentionally or knowing[ly] took the phone charger from Stacy James." This argument is based on the statutory elements of the offense of aggravated robbery, which include "the intentional or knowing theft of property from the person of another." Tenn. Code Ann. §§ 39-13-401(a), -402(a) (2003). In short, the Petitioner is claiming that the State failed to prove its case by the requisite degree of proof. This issue was decided by this Court on direct appeal. See State v. Artis Reese, 2007 WL 551341, at *3-4. We, therefore, are precluded from considering it in this post-conviction proceeding. See Tenn. Code Ann. § 40-30-106(h) (2006); Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990) (recognizing that "the sufficiency of the convicting evidence is not cognizable in a post-conviction proceeding"); Ricky G. Aaron v. State, No. M2006-01983-CCA-R3-PC, 2008 WL 203394, at *5 (Tenn. Crim. App. Jan. 22, 2008) (rejecting post-conviction challenge to

sufficiency of the evidence where determined on direct appeal even where post-conviction claim was recast in terms of constitutional free speech principles).

## **Conclusion**

The Petitioner has failed to prove by clear and convincing evidence that Trial Counsel was ineffective with regard to either his trial or his sentencing hearing. The Petitioner's claim that the evidence is not sufficient to support his conviction for the aggravated robbery of Stacy James has been previously determined. Accordingly, the Petitioner has failed to establish that he is entitled to post-conviction relief. We therefore affirm the judgment of the post-conviction court denying relief.

_____
JEFFREY S. BIVINS, JUDGE