IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 4, 2012

## MARIO MORRIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 03-01051      W. Mark Ward, Judge**

**No. W2011-02165-CCA-R3-PC  - Filed January 8, 2013**

The *pro se* petitioner, Mario Morris, appeals the denial of his petition for post-conviction relief, arguing that the post-conviction court erred in finding that he received effective assistance of counsel at trial and on appeal. Following our review, we affirm the judgment of the post-conviction court denying the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

Mario Morris, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Betsy Wiseman, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

In 2006, the petitioner was convicted by a Shelby County Criminal Court jury of one count of especially aggravated kidnapping and four counts of aggravated robbery, which the trial court merged into two counts. Finding the petitioner to be a dangerous offender, the trial court sentenced him to consecutive terms of ten years for each of the aggravated robbery convictions and twenty years for the especially aggravated kidnapping conviction, for an effective term of forty years in the Department of Correction. This court affirmed the convictions and the trial court's imposition of consecutive sentencing, but remanded for resentencing because the petitioner had been improperly sentenced under the 2005

amendments to the sentencing act. State v. Mario Morris, No. W2006-02345-CCA-R3-CD, 2007 WL 4245720, at *1 (Tenn. Crim. App. Dec. 3, 2007). The petitioner was subsequently resentenced to eight years for each of the aggravated robbery convictions and twenty years for the especially aggravated kidnapping conviction, with all sentences to be served consecutively, for a total effective sentence of thirty-six years in the Department of Correction. This court affirmed the resentencing pursuant to Rule 20 of the Rules of the Court of Criminal Appeals, and our supreme court denied the petitioner's application for permission to appeal. Mario Morris v. State, No. W2008-00586-CCA-R3-CD, 2009 WL 856359, at *1 (Tenn. Crim. App. Mar. 30, 2009), perm. app. denied (Tenn. Aug. 17, 2009).

We provided the following summary of the petitioner's crimes in our original direct appeal opinion:

> On May 14, 2002, the kidnapping victim, Elisha Wilkins, was alone in her boyfriend's Memphis home when a group of armed men broke in demanding to know where the money was kept. After ransacking the home, the men took Wilkins' wallet and car keys, forced her into her vehicle, and drove her to the residence of her friend, LaTonya Cooper, who was home alone with her two young daughters. The men forced Wilkins at gunpoint to knock on the door and identify herself to Cooper, thereby gaining entry into the home. Once inside, the men searched the home, taking Cooper's cash, jewelry, vehicle, and other valuables.

Mario Morris, 2007 WL 4245720, at *1. Wilkins and Cooper each made positive identifications of the petitioner as one of the gunmen from pretrial photographic lineups they were shown separately. Each also positively identified him at the preliminary hearing and at trial. Id. at *2-4. During her trial testimony, Wilkins estimated that the men remained at her boyfriend's home for half an hour to an hour before taking her to Cooper's home, where they remained for about the same amount of time. Id. at *3. Both Wilkins and Cooper described how the men threatened the lives of the women and Cooper's five- and six-year-old daughters and then forced the women to lie face down on the floor, leading them to believe they were about to be killed, before they departed the scene. Id. at *2-3.

On July 8, 2009, the petitioner filed a *pro se* petition for post-conviction relief in which he raised a number of claims, including ineffective assistance of counsel. Following the appointment of post-conviction counsel, he filed amended petitions on February 9, 2011, and on August 18, 2011, in which he alleged that his trial counsel was ineffective for, among other things, failing to raise at trial or on appeal the issue of whether his dual convictions for aggravated robbery and especially aggravated kidnapping violated due process under State v. Anthony, 817 S.W.2d 299, 306 (Tenn. 1991), overruled by State v. White, 362 S.W.3d

-2-

559, 578 (Tenn. 2012), failing to properly investigate his background and to introduce mitigation evidence at sentencing, and failing to investigate the "alleged misdeeds" of Sergeant Tim Green, a police investigator "who was to have pointed out the [petitioner and his codefendant] to the witnesses . . . during the photo-arrays."

We will summarize only the evidentiary hearing testimony that is pertinent to the issues raised on appeal. Trial counsel, who was appointed to represent the petitioner at trial and on appeal, testified that he was licensed to practice law in 1992 and that a large part of his practice until 2006 was devoted to criminal defense. Trial counsel testified that he considered Anthony when reviewing the case for appeal. However, so much time had elapsed since trial that he could not remember his analysis of the issue. Instead, all he recalled was that he ultimately raised on appeal what he believed to be the two best issues, which involved the sufficiency of the evidence and the sentencing imposed by the trial court.

Trial counsel was confident he investigated the petitioner's background and had several discussions with him about sentencing, although he could not remember the specifics. He said he did not think he ever had the petitioner evaluated for any sort of mental illness, as he could not recall any mental evaluation being performed. Finally, he testified that he had no memory of the petitioner's having told him that a police officer had pointed him out to the witnesses at the preliminary hearing. Had the petitioner relayed such information to him, he was confident that he would have brought it to the judge's attention and more likely than not he would have filed a motion to suppress the identification. On cross-examination, trial counsel testified that he represented the petitioner for several years and never saw anything to indicate that he might not be competent.

The petitioner testified that at his preliminary hearing, Sergeant Green walked in with the two victims, pointed to him and his two co-defendants, whispered in one of the victim's ear, and then turned and left the courtroom. The petitioner said he notified trial counsel about what he had seen, but counsel kept brushing him off, telling him that he would try to get the identification thrown out when the case was moved upstairs. The petitioner testified that he brought it up to counsel again after the case had been transferred to criminal court but that counsel kept telling him that the issues he wanted raised were "frivolous." The petitioner asserted that he mentioned the matter in a letter he sent to counsel, as well in complaints about counsel he made to the Better Business Bureau and the Board of Professional Responsibility. He acknowledged that the victims had identified him before the preliminary hearing from photographic arrays "per Sergeant Green." On cross-examination, he stated that he did not have with him in court copies of the letters of complaint in which he had specifically mentioned counsel's failure to investigate his allegations about Sergeant Green.

On August 26, 2011, the court entered a lengthy written order denying the petition, finding that the petitioner had failed to meet his burden of demonstrating that he was denied the effective assistance of counsel. This appeal followed.

## ANALYSIS

The post-conviction petitioner bears the burden of proving his allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). When an evidentiary hearing is held in the post-conviction setting, the findings of fact made by the court are conclusive on appeal unless the evidence preponderates against them. See Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996). Where appellate review involves purely factual issues, the appellate court should not reweigh or reevaluate the evidence. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997). However, review of a trial court's application of the law to the facts of the case is de novo, with no presumption of correctness. See Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998). The issue of ineffective assistance of counsel, which presents mixed questions of fact and law, is reviewed de novo, with a presumption of correctness given only to the post-conviction court's findings of fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001); Burns v. State, 6 S.W.3d 453, 461 (Tenn. 1999).

To establish a claim of ineffective assistance of counsel, the petitioner has the burden to show both that trial counsel's performance was deficient and that counsel's deficient performance prejudiced the outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Taylor, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that same standard for determining ineffective assistance of counsel that is applied in federal cases also applies in Tennessee). The Strickland standard is a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

The deficient performance prong of the test is satisfied by showing that "counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland, 466 U.S. at 688; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). Moreover, the reviewing court must indulge a strong presumption that the conduct of counsel

falls within the range of reasonable professional assistance, see Strickland, 466 U.S. at 690, and may not second-guess the tactical and strategic choices made by trial counsel unless those choices were uninformed because of inadequate preparation. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). The prejudice prong of the test is satisfied by showing a reasonable probability, *i.e.*, a "probability sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Courts need not approach the Strickland test in a specific order or even "address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697; see also Goad, 938 S.W.2d at 370 (stating that "failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim").

The petitioner argues on appeal that trial counsel was ineffective for failing to raise an Anthony due process issue with respect to his dual convictions for aggravated robbery and especially aggravated kidnapping, for failing to present mitigation evidence "to rebut [the trial court's] finding that [the petitioner] was anti-social and that he was unwilling to lead a productive life[,]" and for failing to investigate "the misdeeds" of Sergeant Green, "who was to have pointed out the defendants to the witnesses prior to the preliminary hearing and during the photo arrays." The petitioner alleged that, since the time of trial, Sergeant Green had been convicted for fraud and theft in federal court.

In denying the petition, the court, among other things, accredited the testimony of trial counsel that the petitioner never informed him about the alleged tainted witness identifications. The court also accredited counsel's testimony that he conducted an investigation into the petitioner's background and noted that the petitioner himself failed to present any witnesses or other mitigation evidence at the evidentiary hearing. Finally, the court concluded that, under the facts of the case, there was no reasonable probability under either the Anthony or State v. Dixon, 957 S.W.2d 532 (Tenn. 1997), overruled by White, 362 S.W.3d at 578, tests that the outcome of the trial would have been different had counsel raised a due process issue regarding the dual convictions.

The record fully supports the findings and conclusions of the post-conviction court. Trial counsel was confident that he investigated the petitioner's background and had several discussions with him about sentencing. He also explained why he did not request a mental evaluation, testifying that he never saw any signs to indicate that the petitioner was not competent to stand trial during the years that he represented him. The petitioner has not, therefore, met his burden of demonstrating that counsel was deficient in his representation for failing to investigate his background. Moreover, as the post-conviction court noted, the petitioner himself failed to present any witnesses or other mitigation evidence at the

evidentiary hearing and thus cannot meet his burden of demonstrating prejudice. In order to succeed on a claim that counsel did not properly investigate or call favorable witnesses at trial or sentencing, a petitioner must generally elicit favorable testimony from those witnesses at the evidentiary hearing, as a post-conviction court may not speculate "on the question of . . . what a witness's testimony might have been if introduced" at trial. Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).

As for trial counsel's failure to investigate the alleged tainted witness identification, trial counsel's testimony, which was specifically accredited by the post-conviction court, established that the petitioner never informed counsel about Sergeant Green's alleged actions in pointing him out to the witnesses at the preliminary hearing. The petitioner cannot show that counsel was deficient for failing to act on information that he never received.

We, further, note that these two witnesses had already identified the petitioner as one of the perpetrators from earlier photographic lineups and that the petitioner presented no evidence at the evidentiary hearing to show that a motion to suppress the witness identification would have been successful. Although the petitioner alleges in his petition and brief that Sergeant Green directed the witnesses' identification of him during the photographic arrays as well as at the preliminary hearing, he presented no testimony or other evidence to that effect at the evidentiary hearing. Thus, the petitioner is also unable to show that he was prejudiced by counsel's alleged deficiency in performance.

Finally, we conclude that the petitioner has failed to show either a deficiency in performance or resulting prejudice based on counsel's failure to raise an Anthony due process challenge to his dual convictions for aggravated robbery and especially aggravated kidnapping. If a claim of ineffective assistance of counsel is based on the failure to raise a particular issue, then the reviewing court must determine the merits of the issue. Carpenter v. State, 126 S.W.3d 879, 887 (Tenn. 2004) (citations omitted). In Anthony, our supreme court held that due process considerations prevent dual convictions for kidnapping and another felony when the kidnapping is "essentially incidental" to the accompanying felony. Anthony, 817 S.W.2d at 305.

In Dixon, our supreme court clarified the standard by setting out a two-part test to determine whether a separate kidnapping conviction violates due process. 957 S.W.2d at 535. First, the court must determine if the movement or confinement of the victim was beyond that necessary to consummate the accompanying crime. Id. If so, the court determines " whether the additional movement or confinement: (1) prevented the victim from summoning help; (2) lessened the defendant's risk of detection; or (3) created a significant danger or increased the victim's risk of harm." Id.

We agree with the post-conviction court that, given the facts of this case, the petitioner would not have succeeded with his due process argument under either the <u>Anthony</u> or the <u>Dixon</u> tests and, thus, is unable to meet the prejudice prong of the <u>Strickland</u> test. We further conclude that the petitioner is also unable to meet the deficiency prong of the test. "The determination of which issues to raise on appeal is generally within appellate counsel's sound discretion." <u>Carpenter</u>, 126 S.W.3d at 887. Trial counsel testified that, although he was unable to remember his analysis of the issue, he considered <u>Anthony</u> when he was reviewing the record and ultimately raised what he believed to be the two best issues on appeal, which did not include a due process argument. "[I]neffectiveness is very rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal, primarily because the decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel." <u>Kennath Henderson v. State</u>, No. W2003-01545-CCA-R3-PD, 2005 WL 1541855, at *44 (Tenn. Crim. App. June 28, 2005), <u>perm. app. denied</u> (Tenn. Dec. 5, 2005). As such, the petitioner cannot show that counsel was deficient for failing to raise or argue the <u>Anthony</u> issue.

## CONCLUSION

Based on our review, we conclude that the petitioner has not met his burden of showing that he was denied the effective assistance of counsel at trial or on appeal. Accordingly, we affirm the denial of the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE

-7-